**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SHAWN PALMER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD ONE LAW GROUP PLLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Shawn Palmer, individually and on behalf of others similarly situated, alleges the following against World One Law Group PLLC ("World One" or "Defendant").

**I. NATURE OF ACTION**

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

COMPLAINT - CLASS ACTION – 1

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. World One made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

4. Plaintiff now files this lawsuit seeking injunctive relief, requiring World One to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

COMPLAINT - CLASS ACTION – 1

## II. JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over World One because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to the Plaintiff.

## III. PARTIES

8. Plaintiff is a citizen of Washington, residing in this Division.

9. Defendant World One Law Group PLLC is a law firm based in Washington.

## IV. BACKGROUND

10. The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of

COMPLAINT - CLASS ACTION – 1

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## V.  FACTUAL ALLEGATIONS

### A.  Factual Allegations Regarding World One Law Group

14. World One Law Group is a law firm "with a focus in immigration and international law [and] also offers expertise in corporate, class action and business law." https://www.world1law.com/ (last visited July 11, 2025).

15. In reference to its immigration services, World One Law Group advertises that is uses "'flat fees' for your legal case, so you'll know up front how much it will cost to prepare and file your application."[1]

16. To generate business, World One Law Group relies on telemarketing to solicit individuals to offer immigration consultations.

17. Those telemarketing text messages violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

### B.  Factual Allegations Regarding Plaintiff

18. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's cellular telephone number is (425) 761-XXXX.

20. Plaintiff uses this telephone number for personal, residential, and household purposes.

21. Plaintiff's telephone number is not associated with any business.

22. Plaintiff listed his telephone number on the National Do-Not-Call Registry on September 9, 2008, and has not removed it from the Registry since that time.

23. Plaintiff has never been a client of World One Law Group and never consented to receive calls or text messages from World One Law Group.

---

[1] https://www.world1law.com/

COMPLAINT - CLASS ACTION – 1

24. Yet, in October 2024, Plaintiff began receiving unsolicited emails and several unsolicited text messages on his cellular telephone, (425) 761-XXXX, from World One Law Group.

25. These text messages were sent to Plaintiff for the purpose of marketing Defendant's immigration consultation services.

26. On October 23, 2024, Plaintiff began receiving a series of unsolicited emails from Defendant.

27. Plaintiff had never done business with nor previously contacted Defendant prior to receiving the unsolicited emails.

28. Plaintiff was bothered by these unsolicited communications and wanted Defendant to stop contacting him, so he replied to each of the five initial emails he received from Defendant asking that the emails cease. They did not.

29. On October 25, 2024, Plaintiff called Defendant to verbally repeat his request that they stop contacting him.

30. Despite his request that Defendant stop contacting him, the emails continued.

31. To make matters worse, on October 28, 2024 at **1:53 a.m.** PST, Plaintiff received a text message solicitation from Defendant.

32. The text message was sent from telephone number (425) 510-5121 and read:

> (Message from World One Law Group PLLC) There's still time to schedule your initial consultation, but the clock is ticking. Click this link to schedule your immigration consultation with one of our attorneys: https://app.lawmatics.com/appointment-request/d7ab2b60-4d1b-4382-b569-7d428d69aa16

33. Plaintiff was clearly not interested in Defendant's immigration consultation services and never consented to receive text messages from Defendant.

34. Plaintiff also continued to receive emails from Defendant.

COMPLAINT - CLASS ACTION – 1

35. On October 28, 2024 and October 30, 2024, Plaintiff again called Defendant to request that they stop contacting him by email and text message.

36. Immediately after speaking with Defendant on October 30, 2024 to request they cease contacting him, Defendant sent Plaintiff two text message solicitations, back to back, to his cellular telephone, (425) 761-XXXX.

37. These text messages were sent at 9:25 a.m. PST and were also sent from telephone number (425) 510-5121.

38. The text messages read:

> This is a conversation sent by Lawmatics on behalf of World One Law Group PLLC. Reply STOP at any time to unsubscribe.
>
> (Message from World One Law Group PLLC) Go ahead and schedule your immigration consultation with World One Law Group! https://app.lawmatics.com/appointment-request/7d14c38e-4934-49b2-9f68-e1afd63b7964

39. In addition, Defendant also sent two more emails to Plaintiff on October 30, 2024, despite the fact Plaintiff had already instructed Defendant to cease all contact no less than three times.

40. In fact, Defendant continued to send emails to Plaintiff regularly throughout November and December 2024.

41. Plaintiff was so exacerbated by Defendant's conduct that he filed a complaint with the Washington Attorney General's Office on November 4, 2024.

42. Plaintiff and other individuals who received these text message solicitations suffered an invasion of privacy and were harassed by the conduct of Defendant.

## VI. CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

COMPLAINT - CLASS ACTION – 1

44. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase of World One's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Washington CEMA Class:** All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendant encouraging the purchase of World One's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

45. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendant's records, or those of their agents.

46. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendant's telemarketing calls and Class members sustained similar injuries and damages as a result of Defendant's uniform illegal conduct.

47. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendant has no defenses unique to Plaintiff.

48. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions

COMPLAINT - CLASS ACTION – 1

predominate over any questions that may affect individual members of the Classes. Common questions for the Class include, but are not necessarily limited to, the following:

    a. Whether Defendant obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

    b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

    c. Whether Defendant sent telemarketing calls without providing the called party with the name of the individual caller or the name of the person or entity on whose behalf the call is being made;

    d. The number of telemarketing calls Defendant sent to Washington residents' cell phones or pagers;

    e. Whether Defendant should be held liable for violations committed on its behalf, if any; and

    f. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

49. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members, such that joinder of all members is impracticable.

50. In addition to satisfying the prerequisites of FED. R. CIV. P. 23(a), Plaintiff satisfies the requirements for maintaining a class action under FED. R. CIV. P. 23(b) because:

COMPLAINT - CLASS ACTION – 1

a.  The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendant;

b.  The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c.  Defendant has acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

51. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

52. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

53. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

54. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telephone solicitation calls and/or telemarketing calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

COMPLAINT - CLASS ACTION – 1

55. These violations were willful or knowing.

56. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's national do-not-call rule, Plaintiff and members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

57. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## COUNT II
### Violations of the WA CEMA and CPA, RCW 19.190.060 and RCW 19.86
### (On Behalf of Plaintiff and the Washington CEMA Class)

58. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

59. It is a violation of the Washington CEMA to "initiate or assist in the transmission of an electronic commercial text message to a telephone number assigned to a Washington resident for cellular telephone or pager service..." RCW 19.190.060.

60. A violation of CEMA is a "per se" violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.010, *et seq.* RCW 19.190.100; *Wright v. Lyft, Inc.,* 406 P.3d 1149, 1154-55 (Wash. 2017).

61. Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the WA CEMA by initiating or assisting in the transmission of multiple electronic commercial text message to telephone numbers assigned to Plaintiff and other Washington residents for cellular telephone or pager service.

62. As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of CEMA's restrictions, Plaintiff and members of the Washington CEMA Class are each entitled to an injunction and $500 in damages for each such violation. RCW 19.190.040.

COMPLAINT - CLASS ACTION – 1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the National DNC Class, respectfully request that the Court enter judgment against Defendant for:

A. Certification of the National DNC Class as alleged herein;

B. Certification of the Washington CEMA Class as alleged herein;

C. Appointment of Plaintiff as representative of the Classes;

D. Appointment of the undersigned as counsel for the Classes;

E. Damages to Plaintiff and members of the Class pursuant to 47 U.S.C. § 227(b)(3); (c)(5) and Washington State Law;

F. Injunctive relief for Plaintiff and members of the Classes, as described herein;

G. Attorneys' fees and costs, as permitted by law; and

H. Such other or further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 25th day of July, 2025.

STRAUSS BORRELLI PLLC

By: */s/ Samuel J. Strauss*
    Samuel J. Strauss, WSBA #46971
    sam@straussborrelli.com
    STRAUSS BORRELLI PLLC
    One Magnificent Mile
    980 N Michigan Avenue, Suite 1610
    Chicago IL, 60611
    Telephone: (872) 263-1100
    Facsimile: (872) 263-1109

*Attorneys for Plaintiff*

COMPLAINT - CLASS ACTION – 1