UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWN PALMER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD ONE LAW GROUP PLLC,<br><br>Defendant. | Case No. 2:25-cv-01408-BJR<br><br>Honorable Judge Barbara J. Rothstein<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

Plaintiff Shawn Palmer and Defendant World One Law Group PLLC ("Defendant" or "World One") (collectively, the "Parties"), by and through counsel, certify that they have conferred pursuant to Federal Rule of Civil Procedure 26(f) and submit the following Joint Report and Discovery Plan reflecting the result of that conference and their respective positions with respect to the items below.

1. **STATEMENT OF THE NATURE AND COMPLEXITY OF THE CASE**

   **Plaintiff's Statement:**

   In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]restricted telemarketing…can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5)

(1991) (codified at 47 U.S.C. § 227). The National Do Not Call Registry ("the Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.* The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

Plaintiff alleges that World One made unsolicited telemarketing solicitation to his residential telephone number that is listed on the National Do Not Call Registry. Because telemarketing solicitations typically use technology capable of generating thousands of similar calls and messages per day, the Plaintiff sues on behalf of a proposed nationwide class and Washington class, on behalf of other persons who received similar solicitations, currently defined below:

> National DNC Class: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing text message or call from or on behalf of Defendant encouraging the purchase of World One's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> Washington CEMA Class: All persons in the State of Washington whose (1) cellular telephone or pager numbers, (2) received a text message from or on behalf of Defendant encouraging the purchase of World One's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Defendant's Statement:**

World One Law Group PLLC ("World One") is not a telemarketer. On March 24, 2022, Plaintiff submitted an intake form to World One seeking advice about immigration law. On the intake form Plaintiff provided his name, email, and phone number. By completing the intake form

JOINT STATUS REPORT AND DISCOVERY PLAN
Page 2

Plaintiff provided explicit consent for World One to communicate with him about their legal services. Plaintiff and World One exchanged emails regarding a consultation in March 2022. Plaintiff now complains of emails and texts received from World One in late 2024. Plaintiff asserts the communications began with emails on October 23, 2024. Plaintiff requested to opt out of future communications after receiving the first email on October 23, 2024. World One initiated the opt-out process promptly, but some messages were inadvertently sent to Plaintiff due to a technical error. World One admits to sending a handful of messages to Plaintiff after he requested to opt out of the communications due to this technical error. Plaintiff's contact information has since been permanently removed from all communication lists and no emails, calls, or texts have been sent to him since his removal. We are hopeful this case can be resolved quickly.

**2. PROPOSED DEADLINE FOR AMENDING COMPLAINT AND JOINING ADDITIONAL PARTIES**

The Parties agree that the deadline to join additional parties shall be November 20, 2025, and the deadline for filing amended pleadings shall be December 18, 2025. However, Plaintiff reserves the right to request to join additional parties or amend the pleadings at a later date.

**3. CONSENT TO MAGISTRATE JUDGE**

The Parties did not decline the magistrate judge's jurisdiction by the September 12, 2025 deadline. ECF No. 5.

**4. PROPOSED DISCOVERY PLAN**

The Parties held a FRCP 26(f) conference by phone on October 8, 2025.

**A. Initial Disclosures**

The Parties have not provided initial disclosures. They will do so by October 16, 2025.

\\

\\

**B. Subjects, Timing and Potential Phasing of Discovery**

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 in order to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims in order to prepare for trial, or to oppose any summary judgment motion that Defendant may file. The Plaintiff will seek from the Defendant (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

The parties propose the following discovery schedule:

| | |
|---|---|
| **Completion of Fact Discovery** | October 23, 2026 |
| **Expert Disclosures** | Proponent by: December 1, 2026<br><br>Respondent by: December 29, 2026<br><br>Completion of expert Depositions by February 2, 2027<br><br>Motion to exclude experts: March 2, 2027<br><br>Oppositions to Motion to Exclude Experts: March 31, 2027 |
| **Class Certification** | Proponent by: December 1, 2026<br><br>Respondent by: December 29, 2026<br><br>Reply In Support: January 24, 2027 |
| **All Discovery Motions** | By February 3, 2027 |
| **Completion of all Discovery** | March 31, 2027 |

| Dispositive Motions | Proponent by: April 21, 2027 |
| --- | --- |
|  | Respondent by: May 12, 2027 |
|  | Reply In Support: May 26, 2027 |
| **Settlement Conference** | In June 2027 |
| **Trial** | To be determined by the Court. |

The Plaintiff believes that bifurcating discovery will lead to unnecessary disputes over certain information sought in discovery qualifies as class or merits discovery.

### C. Electronically Stored Information

The Parties anticipate conducting discovery of electronically stored information. The Parties will meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement.

### D. Privilege Issues:

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

### E. Limitations on Discovery

The Parties intend to follow the provisions of the Federal Rules of Civil Procedure and the Local Rules for the Western District of Washington regarding limitations on discovery. Neither party, however, waives the right to limit or seek leave to exceed these limits if necessary as the case proceeds. Should discovery show the need to limit or exceed any discovery limits, the Parties will attempt to reach an agreement on the scope of the discovery before seeking leave of Court to limit or exceed any discovery limits.

**F. Proposed Discovery Orders**

The Parties anticipate submitting a stipulated protective order based on this Court's model order. The Parties also anticipate submitting a proposed ESI Order.

**5. LOCAL CIVIL RULE 26(f)(1) ITEMS:**

**A. Prompt Case Resolution:**

The Parties are evaluating whether the case can be resolved promptly. Plaintiff is open to using a private mediator to help resolve this matter. The Parties plan to confer prior to filing dispositive motions, in order to agree on an efficient briefing schedule. The Parties propose that they file another joint status report within thirty (30) days of the Court's decision on class certification to propose a deadline for dispositive motions.

**B. Alternative Dispute Resolution:**

Plaintiff believes that private mediation is an appropriate method of ADR for this case.

**C. Related Cases:**

The Parties are unaware of any pending related cases.

**D. Discovery Management:**

The Parties agree to exchange discovery electronically, when possible, to minimize expense. The Parties agree to accept service of discovery via email service to all counsel of record and any legal staff requested by either party be included on service. The Parties agree that all discovery exchanged will be identified by a document control number (i.e., a Bates number) by the producing party or parties.

**E. Anticipate Discovery Sought:**

The Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other

communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant's policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

**F. Phasing Motions:**

The Parties do not anticipate the need to phase motions but hereby reserve their right to request phasing of motions.

**G. Preservation:**

The Parties do not anticipate any issues regarding the preservation of discoverable information.

**H. Privilege Issues:**

The Parties anticipate no unusually complex privilege issues. The Parties will make claims of privilege or of protection of trial preparation materials at the time of production, which will be accompanied by a privilege log. The Parties agree to comply with Fed. R. Evid. 502 regarding the inadvertent disclosure of privileged information.

**I. Model Protocol for Discovery of ESI:**

The Parties will continue to meet and confer regarding the protocol to be applied, including whether to adopt the Court's Model ESI Agreement with potential modifications.

**J. Alternative to Model Protocol:**

See above, section 5(I).

**6. DISCOVERY COMPLETION DATE**

March 29, 2027.

**7. BIFURCATION**

The Parties agree that bifurcation of discovery is not necessary.

**8. PRETRIAL STATEMENTS AND PRETRIAL ORDER**

The Parties agree to the use of pretrial statements and pretrial order under LCR 16(e), (h), (i), and (k), and under LCR 16.1.

**9. SUGGESTIONS FOR SHORTENTING OR SIMPLIFYING CASE**

The Parties have no suggestion for shortening or simplifying this case at this time.

**10. TRIAL DATE**

The Parties respectfully request that the Court defer setting a trial date until after the Court's determination on Plaintiff's motion for class certification. The Parties expect to file cross motions for partial summary judgment or summary judgment, and Plaintiff will move for class certification, all of which require adequate time for briefing and adjudication. Plaintiff also anticipates requesting voluminous fact discovery. The Parties also anticipate engaging multiple expert witnesses, which require extensive expert discovery and likely motions to disqualify or exclude expert testimony.

**11. JURY TRIAL**

If necessary, the trial will be by jury.

**12. TRIAL LENGTH**

The Parties anticipate five to seven days for trial.

**13. NAME, ADDRESSES, AND NUMBERS OF TRIAL COUNSEL**

For Plaintiff:

> Samuel J. Strauss, WSBA #46971
> Cassandra P. Miller (*pro hac vice anticipated*)
> **STRAUSS BORRELLI PLLC**
> *continued on Page 9

```
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
cmiller@strassborrelli.com
```

Anthony Paronich (*pro hac vice anticipated*)
**PARONICH LAW PC**
350 Lincoln St. Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com
Telephone: (617) 485-0018

**For Defendant:**

George Pitcher, WSBA No. 27713
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
805 SW Broadway, Suite 2460
Portland, OR 97205
Phone: (971) 352-3030
George.Pitcher@wilsonelser.com

Natasha A. Fingar, WSBA No. 62842
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
520 Pike Street, Suite 2350
Seattle, WA 98101
Phone: (206) 709-5900
Natasha.Fingar@wilsonelser.com

## 14. TRIAL DATE CONFLICTS

None at this time.

## 15. SERVICE

All Parties have been served.

## 16. REQUEST FOR SCHEDULING CONFERENCE

The Parties do not request a scheduling conference.

\\

**17. CORPORATE DISCLOSURE STATEMENTS**

Defendant filed its Corporate and Diversity Disclosure statement on September 15, 2025.

Dated: October 22, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Samuel J. Strauss* | */s/ George Pitcher* |
| Samuel J. Strauss, WSBA #46971 | George Pitcher, WSBA No. 27713 |
| Cassandra P. Miller | **WILSON ELSER MOSKOWITZ** |
| (*pro hac vice anticipated*) | **EDELMAN & DICKER LLP** |
| **STRAUSS BORRELLI PLLC** | 805 SW Broadway, Suite 2460 |
| One Magnificent Mile | Portland, OR 97205 |
| 980 N Michigan Avenue, Suite 1610 | Phone: (971) 352-3030 |
| Chicago IL, 60611 | George.Pitcher@wilsonelser.com |
| Telephone: (872) 263-1100 | |
| Facsimile: (872) 263-1109 | |
| sam@straussborrelli.com | Natasha A. Fingar, WSBA No. 62842 |
| cmiller@strassborrelli.com | **WILSON ELSER MOSKOWITZ** |
| | **EDELMAN & DICKER LLP** |
| Anthony Paronich | 520 Pike Street, Suite 2350 |
| (*pro hac vice anticipated*) | Seattle, WA 98101 |
| **PARONICH LAW PC** | Phone: (206) 709-5900 |
| 350 Lincoln St. Suite 2400 | Natasha.Fingar@wilsonelser.com |
| Hingham, MA 02043 | |
| Email: anthony@paronichlaw.com | *Attorneys for Defendant* |
| Telephone: (617) 485-0018 | *World One Law Group PLLC* |
| | |
| *Attorneys for Plaintiff* | |